STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
AROOSTOOK, ss                           DOCKET NO. CR 2020-40430


STATE OF MAINE                  )
                                )
vs.                             )
                                )       ORDER ON STATE'S MOTION
                                )       TO PERMIT CHILD TO TESTIFY
ANDREW BLOOD                     )       OUTSIDE THE PRESENCE OF
                                )       THE DEFENDANT


Defendant is charged with Gross Sexual Assault, Class A. Before the Court is the State's Motion to permit the child to testify at trial via 2-way closed circuit television or other audiovisual electronic means from the "Aroostook & Downeast Children's Advocacy Center" located in Fort Fairfield, Maine. The Defendant objects to the child testifying in any manner other than at trial from the witness stand in the normal course and method. The court conducted a hearing on the motion on March 23, 2022. The court received testimony from Stacey Frost, LCSW, and Edward Buckley. The court also received a copy of the Child Advocacy Center interview of the child as Defendant's Exhibit 1, without objection. Based on the evidence presented, the court finds and orders as follows:

Effective in October of 2021, the Maine Legislature enacted 15 M.R.S. §1321, which provides in pertinent part:

"§1321. Child witnesses in certain sex crime cases

**1. Testimony of a child outside the presence of the defendant.** Upon motion by the State prior to trial and with reasonable notice to the defendant, a court may

allow a child who is 14 years of age or younger to testify outside the presence of the defendant pursuant to this section in a criminal proceeding concerning a crime under Title 17-A, chapter 11 or 12 in which the child is the alleged victim.

**2. Requirements for direct testimony outside the presence of the defendant.** Direct testimony of a child outside the presence of the defendant under subsection 1 must meet the following requirements:

> A. The testimony must be conducted by way of 2-way closed-circuit television or other audiovisual electronic means;
>
> B. The testimony must occur at a recognized children's advocacy center with only a victim or witness advocate present in the room in which the child is testifying;
>
> C. The opportunity for real-time cross-examination of the child must be provided to the defendant's attorney after the child's direct testimony; and
>
> D. The defendant must be able to observe the testimony of the child while the child is testifying and must be able to communicate with the defendant's attorney while the child is testifying."

The parties were unable to direct the court to any caselaw related to this new statutory provision. The court was unable to find any such caselaw, but notes that there is a federal provision related to child testimony that does have a body of caselaw that has developed regarding child witness participation by alternatives to live in-court testimony. *See,* 18 U.S.C. §3509(b).

The law affords the court discretion to permit remote testimony. 15 M.R.S. §1321(1)("may allow"). Some record must be developed to establish the basis for the court's decision in this matter, as the motion is contested. In addition, the court must be mindful of the constitutional protections that ensure that a defendant has the opportunity "physically to face" the any witnesses called to testify against him or her. *United States v. Cotto-Flores,* 970 F.3d 17,37-38(1st Cir. 2020)(quoting, *Coy v. Iowa,* 487 U.S. 1012, 1017

(1988). "The idea is that insisting that witnesses testify 'in the presence of the person [they] accuse' helps ferret out the truth and lowers the risk of wrongful conviction." *Id.* See also, Comment, 96 Cal. L. Rev., at 1120-1122 ("During private law-enforcement questioning, police officers or prosecutors can exert pressure on the witness without a high risk of being discovered. Courtroom questioning, in contrast, is public and performed in front of the jury, judge and defendant. Pressure is therefore harder to exert in court")."

Even so, this constitutional right is not absolute. The Supreme Court held in *Maryland* v. *Craig,* 497 U.S. 836, 857, 111 L. Ed. 2d 666, 110 S. Ct. 3157 (1990), that a State may allow child witnesses in abuse cases to testify outside the presence of the defendant if "necessary to protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant, at least where such trauma would impair the child's ability to communicate . . ." *Id.,* at 7-8. "The requisite finding of necessity must of course be a case-specific one." *Id.,* at 855, 110 S. Ct. 3157, 111 L. Ed. 2d 666.

This court did not hear from the child. There has been no discussion with the child about testifying, in any format or at any location. What has been presented is speculation as to what the child's reaction might be to seeing the Defendant while testifying. In contrast to the federal court decisions that involved an approval of remote participation of child witnesses, there is no evidence in this matter about a fear of being in the same room as the Defendant or an inability to testify, as opposed to a reluctance to testify, which is not uncommon. *See, United States v. Farley,* 992 F.2d 1122, 36 Fed. R. Evid. Serv.

(CBC) 1304, 1993 U.S. App. LEXIS 10293 (10th Cir. 1993)(Child victim of aggravated sexual assault was properly allowed to testify via closed circuit where court found, based on testimony of psychologist who examined victim, that victim would be *unable to testify* because of fear and would likely suffer trauma if she did testify)(Emphasis added); *United States v. Carrier*, 9 F.3d 867, 39 Fed. R. Evid. Serv. (CBC) 1138, 1993 U.S. App. LEXIS 28610 (10th Cir. 1993), cert. denied, 511 U.S. 1044, 114 S. Ct. 1571, 128 L. Ed. 2d 215, 1994 U.S. LEXIS 3076 (1994)(Testimony provided that the presence of defendant in courtroom was children's primary source of fear and that his presence would cause them severe distress and make them unable to testify accurately. The opinions were based the children's frequent nightmares *concerning testifying* in his presence, and the counselor's knowledge of their Native American tribe's culture, in which glaring or staring at or by another is considered especially intimidating)(Emphasis added); and *United States v. Rouse*, 111 F.3d 561, 46 Fed. R. Evid. Serv. (CBC) 559, 1997 U.S. App. LEXIS 6659 (8th Cir. 1997), cert. denied, 522 U.S. 905, 118 S. Ct. 261, 139 L. Ed. 2d 188, 1997 U.S. LEXIS 5990 (1997), reh'g, en banc, denied, 1997 U.S. App. LEXIS 12821 (8th Cir. May 29, 1997)(Five-year-old was unable to speak when called as witness and stated in chambers that she was afraid to speak in front of her uncles, six-year-old was found sobbing outside courtroom and affirmed in chambers that she was crying out of fear of her uncles, nine-year-old became so fearful before testifying that guardian ad litem would have had to physically pull her into courtroom, and therapist testified that victims were afraid of defendants). The court finds that the State has failed to produce any credible evidence that the child would be unable to testify due to fear or anxiety caused by being in the

presence of the defendant. *See also, United States v. Bordeaux*, 400 F.3d 548, 66 Fed. R. Evid. Serv. (CBC) 837, 2005 U.S. App. LEXIS 3728 (8th Cir. 2005), reh'g denied, reh'g, en banc, denied, 2005 U.S. App. LEXIS 9866 (8th Cir. May 27, 2005)(Holding, District court denied defendant his Sixth Amendment right to confront victim, female child, by allowing her to testify via two-way closed circuit television during defendant's trial on sexual abuse charges because district court found that victim's fear of defendant was only one reason why she could not testify in open court; it did not find that victim's fear was dominant reason).

In addition, the court notes that the interview of the child regarding the alleged abuse at the Advocacy Center reflected a child that was not in fear of the defendant. The child did engage in avoidant behaviors but there were no signs apparent on this record that the child became distraught in discussing the defendant. Further, the child's grandfather, with whom the child is exceptionally close, testified that the child expressed excitement about a Christmas gift for the defendant when his name was inadvertently brought up by the grandfather. This testimony reflected an affirmative *lack* of fear of the defendant. See, *United States v Moses*, 137 F.3d 894, 1998 FED App. 68P, 49 Fed. R. Evid. Serv. (CBC) 163 (CA6 Mich 1998)(Remote testimony by closed-circuit television violated defendant's Sixth Amendment rights to confrontation; witness's own testimony disavowed any fear of defendant).

In light of the foregoing and based upon this record, the State's motion is **DENIED**.

Dated: April 4, 2022

Justice, Superior Court